IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LAURIE THORSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>HAWAII PUBLIC HOUSING AUTHORITY, HAKIM OUANSAFI, RYAN AKAMINE, and LYLE MATSUURA,<br><br>    Defendants. | Case No. 23-00412 MWJS-WRP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## ORDER DENYING MOTION FOR RECONSIDERATION

After filing a complaint in October 2023, *pro se* Plaintiff Laurie Thorson filed a Motion for Injunctions (Emergency) on January 30, 2024.  ECF Nos. 1 & 28.  After two rounds of briefing and a status conference, the Court denied Thorson's motion on March 11, 2024.  ECF No. 44.  Thorson now moves for reconsideration.

"Motions for reconsideration are disfavored."  Local Rule 60.1.  Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Thorson has not satisfied this demanding standard.  Thorson identifies no new evidence, no newly decided cases, and no errors in this Court's reasoning.

Thorson primarily relies on *Wren v. City of Cherryvale*, No. 22-1180, 2022 WL 3682001 (D. Kan. Aug. 25, 2022).  There, a plaintiff—a woman with disabilities whose two alternating aides were "required to stay overnight with [p]laintiff to provide her care," *id.* at *4—was approved to live in a two-bedroom unit operated by the local public housing authority.  *Id.* at *1.  The next year, the housing authority tried to move the plaintiff into a one-bedroom unit, even though she still needed overnight care, and even though the move could cause an aide to resign.  *Id.* at *2-3.  The court enjoined the housing authority from moving her, reasoning that the plaintiff was "in the same position" as when she first received the accommodation.  *Id.* at *4.

By contrast, the facts justifying Thorson's original accommodation have materially changed.  As this Court has explained, the evidence to date shows that Defendants approved Thorson's two-bedroom voucher with the understanding— drawn both from Thorson's physicians and from Thorson's own representations— that she needed constant, 24/7 care from a live-in aide.  ECF No. 44, at PageID.2051.  But since that initial approval, Thorson's son has resigned as her live-in aide, and even when he was designated as her aide, he was not living with her full-time.  *Id.* at PageID.2040, 2053.  Thorson has also admitted that she

2

"do[es] not want [her] son, or anyone, to live in [her] home 24/7 or when not providing support services." ECF No. 45, at PageID.2065. Unlike in *Wren*, where a housing authority sought to deprive an individual of a previously granted accommodation despite no change in her circumstances, Defendants here intend to update Thorson's voucher merely to reflect the undisputed changes in her circumstances.

Thorson's motion raises a few other points worth clarifying. She continues to stress the "danger of irreversible physical damages" without a live-in aide. *Id.* While the Court recognizes the gravity of her concerns, Defendants confirmed at the status conference that her son is already free to visit her to provide care as needed. Defendants also confirmed that this would remain the case even if Thorson were to move to a zero-bedroom unit—and, although Thorson expresses concerns about exceeding the "number of days [Defendants] permit[] a guest [to] sleep overnight," *id.*, Defendants have shown no unwillingness to provide the reasonable accommodation of allowing her son to stay overnight more often than is ordinarily allowed. In any event, even if Thorson were to remain in a two-bedroom unit, she has stated that she does not want her son to live with her full-time. It is therefore unclear how granting Thorson's requested relief would at all change the care that her son can provide.

Thorson also suggests that the Court "informed [her] that no response from [her] was needed." *See id.* at PageID.2057.  To the extent Thorson is referring to Defendants' supplemental submission, it is true that the Court made clear at the status conference that Thorson was not required to respond to it.  The Court also made clear that Thorson was welcome to respond if she wished to do so, however, and Thorson availed herself of that opportunity.  ECF No. 43.  As for the evidentiary record more broadly:  at the status conference, the Court noted that Thorson has not submitted a declaration from her son, and it offered to schedule a hearing at which he could appear.  Thorson declined.  The Court also asked both parties to confirm that they did not believe an evidentiary hearing was necessary, given that neither had requested one in their submissions.  Both Thorson and Defendants confirmed they did not believe one necessary.

Thorson also suggests that the Court has conclusively endorsed Defendants' interpretation of the live-in aide requirement.  *See* ECF No. 45, at PageID.2057.  Not so.  The Court instead found it likely that Defendants' live-in aide policy was a legitimate nondiscriminatory reason to investigate Thorson's live-in aide arrangement.  ECF No. 44, at PageID.2049, 2051.  At this preliminary stage, the Court has not conclusively resolved the case's merits, and the Court's order does not sweep beyond the parties, posture, and facts of this case.

4

Finally, Thorson asks for instructions on how to file an appeal.  The Court directs her to the Federal Rules of Appellate Procedure and to the Ninth Circuit's informational webpage for *pro se* litigants, available at https://www.ca9.uscourts.gov/forms/pro-se-litigants/.

For the foregoing reasons, the Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED:  March 18, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

*Laurie Thorson v. Hawaii Public Housing Authority, Hakim Ouansafi, Ryan Akamine, and Lyle Matsuura*; Case No. 23-00412 MWJS-WRP; Order Denying Motion for Reconsideration