IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LAURIE THORSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>HAWAIʻI PUBLIC HOUSING AUTHORITY, HAKIM OUANSAFI, RYAN AKAMINE, and LYLE MATSUURA,<br><br>    Defendants. | Civil No. 23-00412 MWJS-WRP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

**ORDER DENYING MOTION FOR
<u>TEMPORARY RESTRAINING ORDER</u>**

Plaintiff Laurie Thorson is a recipient of federal rental assistance. Proceeding pro se, Thorson brought this civil suit against the Hawaiʻi Public Housing Authority, a state agency, and various state officials, contending that they sought to deprive her of that assistance out of discriminatory and retaliatory motives. ECF No. 1. Thorson has already once moved for a preliminary injunction, alleging that Defendants denied her reasonable accommodations and put her needed subsidized housing at risk. ECF No. 28. The Court denied that motion, for although Thorson expressed weighty concerns about maintaining her housing, she did not make a strong enough showing of a likelihood of success on

the merits of her claims or of irreparable injury arising from Defendants' alleged conduct.  ECF No. 44.  Taking a different tack, Thorson now moves for a temporary restraining order, seeking to prevent further retaliation.  ECF No. 78.  Thorson alleges that because of Defendants' conduct, she now faces imminent eviction on September 30, 2024.  *Id.* at PageID.2566.

Once again, Thorson has not met her burden to obtain her requested relief.  In assessing Thorson's earlier motion for a preliminary injunction, the Court already found that Thorson is not likely to succeed on the merits of her retaliation claim, and the new allegations of retaliation in her current motion do not materially increase her odds of success.  *See* ECF No. 44, at PageID.2044-45.  And Thorson's motion falls short for a second independently sufficient reason:  she has not made a sufficient showing of irreparable injury, for she has not established that she will indeed have to vacate her current rental unit on September 30, 2024, nor that such a move would constitute an irreparable injury caused by Defendants' alleged conduct.  For these reasons, more fully explained below, Thorson's motion for a temporary restraining order is DENIED.

//

//

//

//

2

## BACKGROUND

### A.  Alleged Discrimination and Retaliation

Thorson is a recipient of federal housing assistance through the Housing Choice Voucher (HCV) Program.  *See* ECF No. 1, at PageID.14.  The program uses federal funds to provide rental assistance to individuals in need.  It is administered at the state or local level, and in Hawaiʻi, the Hawaiʻi Public Housing Authority (HPHA) administers the program.  *See* Hawaiʻi Administrative Rules (HAR) § 17-2031-1 (eff. 2022).

Under the HCV Program, HPHA approves reasonable accommodations for individuals with disabilities so that federal rental assistance might be realistically available to them.  *See* HAR § 17-2031-54.  Thorson, who suffers from disabilities including epilepsy and transient epileptic amnesia, has benefitted from at least two approved reasonable accommodations.  *See* ECF No. 1, at PageID.14-16.  First, for a time, HPHA had approved a live-in aide for Thorson.  *Id.* at PageID.15.  And to allow that aide to reside in her rental unit, Thorson received a voucher for a rental with two bedrooms (rather than one or zero).  *Id.*  Second, HPHA authorized assistance of 120 percent of the ordinary payment—otherwise known as a payment standard exception—because Thorson's disability precludes her from living in a high-rise or near busy streets.  *Id.*

3

In her motion papers, Thorson asserts that she has already lost one of these accommodations (the live-in aide) and is at risk of losing the other (the 120 percent payment standard exception) all because of Defendants' discriminatory and retaliatory conduct. ECF No. 78, at PageID.2570. Thorson alleges that the retaliation began when she unsuccessfully challenged HPHA's "rent reasonableness" assessment for a rental unit she sought to move into in Hawaiʻi Kai, Oʻahu, which resulted in a lower contract rent from that initially requested by the landlord, Kelly McGill. *Id.* at PageID.2573; *see also* ECF No. 1, at PageID.8. McGill ultimately accepted the reduced contract rent amount, and Thorson has resided there since. *See* ECF No. 1, at PageID.8.

But Thorson's communications with HPHA over the rent amount at that time raised a new issue: HPHA discovered that Thorson's son, Ryan Thorson—her identified live-in aide for the purposes of her two-bedroom voucher—was not living with her. Defendants began to investigate, and HPHA ultimately decreased Thorson's two-bedroom voucher to a zero-bedroom voucher. Nonetheless, at the apparent generosity of her landlord, McGill, Thorson remains in her Hawaiʻi Kai unit—at least for the time being.

B.   **Procedural History**

Thorson filed this lawsuit on October 4, 2023, asserting claims for disability discrimination and retaliation under the Fair Housing Act. ECF No. 1.

4

### 1.     Motion for a Preliminary Injunction

Thorson first raised the red flag about a potential eviction earlier this year, in January 2024.  Thorson filed a motion for a preliminary injunction, alleging that Defendants had fabricated illegal policies for the purposes of interfering with her live-in aide.  *See* ECF No. 28 (Pl.'s Emergency Motion for Injunctions).  And because her voucher renewal was approaching in April 2024, Thorson alleged that she would soon lose her two-bedroom voucher, forcing her to move out of her Hawaiʻi Kai unit.  *Id.* at PageID.131-33.  To prevent imminent houselessness, Thorson requested that the Court enjoin Defendants from interfering with her voucher and live-in aide.  *Id.* at PageID.185-86.

While acknowledging the serious housing concerns raised by Thorson, the Court denied her motion for a preliminary injunction because Thorson did not meet the high bar of showings necessary to warrant an injunction:  she did not make a sufficient showing that she was likely to succeed on the merits of her claims against HPHA or her retaliation claim, nor did she adequately show that she was likely to suffer irreparable injury because of Defendants' alleged conduct.  *See* ECF No. 44.

Thorson appealed this Court's order denying a preliminary injunction, and the Ninth Circuit affirmed.  ECF No. 68.

## 2. Motion for a Temporary Restraining Order

Thorson now moves not for a preliminary injunction, but for a temporary restraining order,[1] and she alleges that she has an impending eviction date of September 30, 2024. ECF No. 78 (Pl.'s Pet. for an Emergency Restraining Order), at PageID.2566. Thorson effectively seeks the same type of relief she sought previously: to restrain Defendants from retaliating against her by intentionally interfering with her housing and reasonable accommodations. *Id.* at PageID.2565. And she again alleges that she is at imminent risk of eviction and houselessness because of Defendants' conduct. *Id.* at PageID.2579.

Thorson alleges that since the Court's last order, Defendants have continued to retaliate against her. Defendants have allegedly interfered with two aspects of Thorson's housing: (1) her ability to remain in her current unit using her zero-bedroom voucher, and (2) her ability to secure another rental unit. *Id.* at PageID.2567. As for her current unit, Thorson says that McGill has offered to lock a door of her currently-two-bedroom unit and convert it to a one-bedroom so that she can remain in the unit with her reduced voucher. *Id.* at PageID.2566-67. But Defendants have refused to permit this requested reasonable accommodation,

---

[1] Thorson also submitted two motions for judicial notice in support of her motion for a temporary restraining order. *See* ECF Nos. 80 & 84. The Court GRANTS Thorson's motions for judicial notice insofar as the Court considers those submissions in deciding her motion for a temporary restraining order.

6

explaining that such an option would not be viable unless the unit was designated as a one-bedroom in the City and County of Honolulu Property Tax Records. ECF No. 83-11, at PageID.2738. And so on August 4, 2024, McGill issued her a Notice to Vacate by September 30, 2024. ECF No. 78-5, at PageID.2613.

Anticipating her imminent move, Thorson separately requested that Defendants expand her current payment standard exception, which allows her to receive rental assistance of up to 120 percent of the ordinary payment. ECF No. 78, at PageID.2576. In its current form, the payment standard exception has been approved to apply only to Thorson's current zip code. To assist in her rental search, Thorson requested that it be extended to apply to all zip codes on Oʻahu. *Id.* But Defendants refused, explaining that Thorson must propose a specific unit before the exception can be approved, and they invited her to resubmit her request after she has located a unit. *See* ECF No. 83-5, at PageID.2730. Thorson believes this offered reason is pretextual and that Defendants plan to ultimately deny any such request as retaliation for her lawsuit, all with an eye toward intentionally driving her houseless. ECF No. 78, at PageID.2577-78.

## DISCUSSION

### A. Standards Governing Motions for Temporary Restraining Orders

Temporary restraining orders are authorized by Federal Rule of Civil Procedure 65(b). They are designed to preserve the status quo and to prevent

7

immediate and irreparable injury before a hearing on a preliminary injunction can be held. *See generally* Mary Kay Kane, 11A *Fed. Prac. & Proc. Civ.* § 2951 (Wright & Miller 3d ed. 2024). Because Thorson seeks a temporary restraining order this time around, and not a preliminary injunction, the Court elects to decide the motion without a hearing, as permitted by Local Rule 7.1(c).

Substantively, the standard for issuing a temporary restraining order is identical to that for issuing a preliminary injunction. *Carmichael v. Ige*, 470 F. Supp. 3d 1133, 1140 (D. Haw. 2020) (citing *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017)). To obtain such relief, a petitioner must show each of four factors: (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in favor of a temporary restraining order, and (4) a temporary restraining order is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Ninth Circuit utilizes a "sliding scale" approach, under which a strong showing on one of these factors may necessitate a lesser showing on the others. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). But in all cases, the petitioner must nonetheless make some showing on all four elements. *See id.* at 1135 ("[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of

irreparable injury and that the injunction is in the public interest." (cleaned up)).  If a petitioner fails to show even one of these elements, the requested relief is not warranted.  *See Yellen v. Hara*, Civil No. 15-00300, 2015 WL 4877805, at *6 (D. Haw. Aug. 13, 2015) (denying motion for temporary restraining order because there was no likelihood of success on the merits).

### B. Thorson Has Not Satisfied the Governing Standards

Thorson is proceeding pro se, and so the Court liberally construes her filings.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Even so, Thorson must satisfy the elements for a temporary restraining order.  Thorson has not satisfied all of these elements, and so her motion for a temporary restraining order must be denied.

1.  First and foremost, Thorson has not made a showing of a likelihood of irreparable harm in the absence of a temporary restraining order.  For that independently sufficient reason, her motion must be denied.

In support of her motion, Thorson asserts two facets of an alleged irreparable injury arising from Defendants' conduct:  (1) she will not be able to remain in her current unit, and (2) she will not be able to find another rental unit, all because of Defendants' discriminatory and retaliatory conduct.  Both of these barriers, she alleges, contribute to her imminent houselessness; and houselessness would be an especially irreparable injury to her because it would affect her ability to store her

9

needed medications.  *See* ECF No. 84-1, at PageID.2854 ("Once I'm living in my car, I will not be able to keep my medicine refrigerated.").

Imminent houselessness undoubtedly poses serious health concerns.  Where a litigant establishes that a defendant's conduct threatens that result, it likely could constitute an irreparable injury for the purposes of a temporary restraining order.  But here, Thorson has not made an adequate showing that either of the two facets of her asserted injury are likely to occur absent a temporary restraining order.

First, Thorson has not established that she will indeed have to vacate her current Hawai'i Kai unit on September 30, 2024.  She asserts that her landlord, McGill, issued her a Notice to Vacate, but she has provided no other sworn evidence in support of that allegation.  Although she submits emails that are allegedly from McGill, she provides no declaration to authenticate them.  *See* ECF No. 78, at PageID.2612-13.  Meanwhile, in opposition, Defendants have submitted evidence of counsel's emails with McGill—dated August 7, 2024, after his notice to vacate dated August 4, 2024 was issued to Thorson—in which McGill represents that he would like Thorson to stay in her unit until she can find new housing.  *See* ECF No. 83-20, at PageID.2789 ("At this point, let's just let the current voucher hold until Ms[.] Thorson finds a new place and vacates.  It is very important to me that she is taken care of and finds adequate housing via your program.").  Defendants provided a declaration to authenticate these emails, *see*

ECF No. 83-2 (Decl. of Lyle Matsuura), at PageID.2721, and their sworn evidence therefore undermines Thorson's unsworn—and earlier dated—evidence to the contrary.

Thorson's representations about her imminent move-out date are further undercut by the history of this action. Over six months ago, Thorson expressed similar fears that without her two-bedroom voucher, she would have to move out of her Hawaiʻi Kai unit. *See, e.g.*, ECF No. 28-4, at PageID.208 ("Defendants are forcing the plaintiff to move out of her current rental, which will inevitably cause the plaintiff to be homeless if she is unable to locate another rental within 30 days, when the voucher expires."). And yet, although she ultimately lost her two-bedroom voucher, Thorson has thus far been able to remain in her Hawaiʻi Kai unit. Indeed, Thorson's landlord has demonstrated remarkable and admirable flexibility in accommodating her changing circumstances and reduced rent payments. And while it is true that McGill may not be willing to do so indefinitely, an eventual move is not necessarily in itself an irreparable injury.

The Court acknowledges that in Thorson's most recent submissions, she represents that McGill now plans to sell her rental unit. Thorson asserts that, in light of this development, she will be required to move from her current unit on September 30 regardless of Defendants' alleged conduct. *See* ECF No. 84-1, at PageID.2854 ("Even if the HPHA changed its mind today and decided I could

11

remain in my current rental, it is too late.  My current rental is no longer an option for me since the owner has already hired a realtor to sell the property."). Again, the Court notes that Thorson has provided no declaration from her landlord on this point, or any other sworn evidence in support of those statements.  But even accepting her representation as true, it serves only to undercut Thorson's request for relief.  Thorson apparently no longer claims that an order restraining Defendants' conduct would allow her to stay in her Hawai'i Kai unit, for that order would not restrain the actions of her landlord.  And, by her admission, it is her landlord's conduct, rather than anything the Court could prevent Defendants from doing, that will allegedly cause her to vacate the unit on September 30.  It therefore appears that Defendants' alleged conduct is admittedly not the cause of any irreparable injury for which a temporary restraining order would be needed—or against which such an order could provide any meaningful relief.  *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1324-25 (9th Cir. 1994) (petitioner failed to demonstrate that the injury suffered was caused by the defendant's alleged wrongful conduct).

      Turning to the second part of Thorson's asserted injury, Thorson has also not sufficiently established that she needs to stay in her current rental unit to avoid houselessness.  In other words, Thorson has not shown that moving would itself constitute an irreparable injury.

12

To be sure, Thorson alleges that finding housing in Hawaiʻi is difficult and that this task is particularly challenging for her as a disabled recipient of federal housing assistance. And Thorson says that she has had a hard time finding available housing within her voucher budget, particularly without the benefit of a preemptive blanket 120 percent payment standard exception for all zip codes on Oʻahu. But the Court cannot find that any alleged general housing shortage is a result of Defendants' conduct. Nor, on this record, can the Court conclude that there is such a shortage that Thorson will be unable to find a new rental unit. Here again, Thorson has provided no declaration or sworn evidence in support of her position that there are no suitable units available, whereas Defendants have provided sworn evidence to the contrary—a declaration which represents that there are at least eleven suitable units for Thorson in her zip code alone. *See* ECF No. 83-2, at PageID.2723-24.

For these reasons, Thorson has not adequately shown that, absent a temporary restraining order, she is likely to suffer irreparable injury because of the wrongdoing alleged in her claims. And for that independently sufficient reason, her motion must be denied.

2. Thorson's motion falls short for another reason. Thorson has again failed to show a likelihood of success on the merits of her claims against HPHA or her retaliation claim. The conduct alleged in Thorson's motion for a temporary

restraining order is portrayed as essentially a continuation of the retaliation Thorson claims Defendants have been engaging in all along.  But in assessing Thorson's earlier motion for a preliminary injunction, this Court determined that Thorson is not likely to succeed on the merits of her claims against HPHA or her retaliation claims.  *See* ECF No. 44.  Thorson's new motion has not offered enough new information to change that calculus.

Thorson asserts that since the Court's denial of her motion of a preliminary injunction, Defendants have (1) refused to permit her landlord to split her rental unit so that she can rent it as a one-bedroom instead of a two-bedroom, and (2) refused to issue her a preemptive blanket 120 percent standard payment exception across all zip codes.  Thorson disagrees with Defendants' legal positions on these points and asserts that they must be motivated by retaliation.  But she has not shown that Defendants' legal positions are incorrect.  And even if she had done so, it would not be enough to show that Defendants were in legal error.  To show a likelihood of success on the merits, Thorson would also have to show that any legal errors in Defendants' positions were the result of retaliation.  She has not met that burden at this stage.

3.   Because the Court has concluded that Thorson has not made a sufficient showing of an irreparable injury or likelihood of success on the merits of her retaliation claim, it must deny the motion.  The Court therefore need not also

resolve whether the other temporary restraining order factors also weigh against her requested relief.  *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

## CONCLUSION

For the reasons above, the Court concludes that Thorson has not carried her burden of showing that she is likely to succeed on the merits of a claim for which she has also failed to show a likelihood of irreparable injury.  Accordingly, while the Court GRANTS Thorson's motions for judicial notice, ECF Nos. 80 & 84, her motion for a temporary restraining order, ECF No. 78, is DENIED.

IT IS SO ORDERED.

DATED:  September 26, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

*Laurie Thorson v. Hawaiʻi Public Housing Authority, Hakim Ouansafi, Ryan Akamine, and Lyle Matsuura*; Civil No. 23-00412 MWJS-WRP; Order Denying Motion for Temporary Restraining Order