IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LAURIE THORSON,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIʻI PUBLIC HOUSING AUTHORITY, HAKIM OUANSAFI, RYAN AKAMINE, and LYLE MATSUURA,<br><br>Defendants. | Civil No. 23-00412 MWJS-WRP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On September 4, 2024, pro se Plaintiff Laurie Thorson filed a motion for a temporary restraining order. ECF No. 78. She sought to restrain Defendants, a state housing agency and various state officials, from denying her reasonable accommodations related to her federal rent assistance. And she alleged that she was going to be evicted at the end of the month. After responsive briefing, *see* ECF No. 83, the Court denied Thorson's motion, *see* ECF No. 85. The Court's decision rested on two grounds: (1) Thorson did not show a likelihood of irreparable injury absent a restraining order, and (2) she did not show a likelihood of success on the merits of her retaliation claim. *See id.* Thorson now timely moves for reconsideration of that order. ECF No. 86.

"Motions for reconsideration are disfavored." Local Rule 60.1. Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LR60.1.

Thorson has not satisfied this demanding standard. Thorson identifies no newly discovered evidence to change the calculus, no newly decided cases, and no errors in this Court's reasoning.

As an initial matter, the Court notes that Thorson's motion for reconsideration for the first time refers to her underlying motion as a "Motion for Injunctions." ECF No. 86, at PageID.2873. Thorson had previously called it a "Petition for Emergency Restraining Order," *see* ECF No. 78, and the Court construed it as a motion for a temporary restraining order, *see* ECF No. 85. Thorson does not now dispute that treatment; that is, she does not assert error in the Court's construction of her underlying motion as requesting a temporary restraining order. In any case, Thorson's original label for her motion matched the reality of the circumstances at hand. Temporary restraining orders are designed to preserve the status quo and to prevent immediate and irreparable injury before a hearing on a preliminary injunction can be held. *See generally* Mary Kay Kane, 11A *Fed. Prac. & Proc. Civ.* § 2951 (Wright & Miller 3d ed. 2024). Here, there

were a number of factual disputes between the parties, including whether Thorson's landlord would allow her to stay in her unit past September 30 if she was unable to find new housing by then. But there was little time to resolve those factual disputes through an evidentiary hearing because Thorson had alleged an imminent eviction. Accordingly, the Court treated Thorson's emergency motion as the circumstances required and decided it on the papers. Moreover, Thorson's name for her filing, as well as the circumstances of her motion, stood in contrast to her earlier motion for a preliminary injunction, which was expressly labelled as such. *See* ECF No. 28 (Pl.'s Emergency Motion for Injunctions). For these reasons, on this round, the Court treated her underlying motion as for a temporary restraining order.

Turning to the substance of Thorson's reconsideration motion, Thorson predominantly argues the likelihood of winning on the merits of her claims. But Thorson has not successfully demonstrated error in the Court's conclusion on that point. Thorson devotes much of her argument to her belief that Defendants are engaged in fraud. Thorson has offered a number of exhibits on reconsideration, which she says prove that the individual officer Defendants are engaged in a scheme to fraudulently steal federal housing funds. But none of those attachments appear to be newly discovered evidence. And Thorson never explains how any

such conduct, if true, contributes to her losing her housing on September 30. Nor has she explained how a temporary restraining order could be the remedy.

As a separate obstacle to reconsideration, Thorson does not offer anything to change the calculus on irreparable injury. Because that deficiency alone required the Court to deny Thorson's motion for a temporary restraining order, her motion for reconsideration cannot succeed.

Thorson again relies on *Wren v. City of Cherryvale Kansas*, Case No. 22-1180, 2022 WL 3682001 (D. Kan. Aug. 25, 2022). In *Wren*, the plaintiff—a woman with disabilities whose two alternating aides were "required to stay overnight with [p]laintiff to provide her care," *id.* at *4—was approved to live in a two-bedroom unit operated by the local public housing authority, *id.* at *1. The next year, the housing authority sought to move the plaintiff into a one-bedroom unit, even though she still needed overnight care, and even though the move could cause an aide to resign. *Id.* at *2-3. The court enjoined the housing authority from moving her, for it found that all four factors for a temporary restraining order had been satisfied. *Id.* at *3-5. Among those, the plaintiff had made a sufficient showing of irreparable harm because absent a temporary restraining order, she would be denied her right to reasonable accommodation, lose her living space if she was required to use her living room as a sleeping area for her aides, and

potentially lose one of her aides if she could not provide them with a place to sleep. *Id.* at *4.

It was not the move itself that constituted an irreparable injury in *Wren*, but rather the attendant losses of the plaintiff's reasonable accommodation, living space, and potentially, her live-in aide. Here, by contrast, Thorson has not made an adequate showing of irreparable injury. Thorson no longer has a live-in aide, and so she cannot rely on that as a basis for needing a two-bedroom unit. In addition, Defendants have produced evidence that they have provided Thorson with the necessary materials to renew her zero-bedroom housing voucher, that Thorson can keep using her 120 percent payment standard exception within her zip code to assist with her housing search, that there is other housing available in her area, and that Thorson can submit requests regarding units outside of her current zip code.

As the Court previously noted, it is not clear that Thorson will indeed have to move on September 30, for Defendants produced an authenticated email from Thorson's landlord representing that he would like her to stay in her unit until she can find another place to live. But even if Thorson does have to move out on September 30, Thorson's own view is that the move is inevitable—with or without a restraining order—for her landlord has decided to sell the home. And so even if the move itself constituted an irreparable injury, it is not an injury that an order restraining Defendants could remedy.

For these reasons, Thorson's motion for reconsideration, ECF No. 86, is DENIED.

IT IS SO ORDERED.

DATED: September 30, 2024, at Honolulu, Hawai'i.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

*Laurie Thorson vs. Hawai'i Public Housing Authority, Hakim Ouansafi, Ryan Akamine, and Lyle Matsuura*; Civil No. 23-00412 MWJS-WRP; Order Denying Motion for Reconsideration

6